UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>KRISTIN RENE RHODES,<br><br>    Debtor. | Case No. 25-00638-BRW<br><br>Chapter 7 |
| OWEN THOMAS BYRNE,<br><br>    Plaintiff,<br><br>vs.<br><br>KRISTIN RENE RHODES,<br><br>    Defendant. | Adv. No. 25-06059-BRW |

**MEMORANDUM DECISION DENYING MOTION TO WAIVE ADVERSARY PROCEEDING FILING FEE**

Before the Court is an "Application to Waive Adversary Filing Fee" (Doc. No. 2) (the "Motion") filed by the Plaintiff Owen Thomas Byrne (the "Plaintiff") pro se.  On November 20, 2025, the Plaintiff filed this adversary proceeding pursuant to 11 U.S.C. § 523(a)(15) seeking to except from discharge certain debts purportedly determined in a divorce decree to be the obligation of the Chapter 7 Debtor Kristin Rene Rhodes (the "Debtor").  Doc. No. 1.[1]

In the Motion, the Plaintiff seeks a waiver of the $350 adversary filing fee due to

---

[1] On the Adversary Cover Sheet (Doc. No. 1-1), Plaintiff checked the box indicating this is a proceeding under 11 U.S.C. § 523(a)(2).  However, that statute is not mentioned in Plaintiff's complaint.  Rather, the action appears to seek relief solely under 11 U.S.C. § 523(a)(15), and if so, Plaintiff's motion filed in the main bankruptcy case to extend the deadline to file the exception to discharge action is likely unnecessary.  *See* Fed. R. Bankr. P. 4007(b) (stating that a creditor may file a complaint to determine whether a debt is dischargeable "at any time," except for those filed pursuant to 11 U.S.C. § 523(c), which section includes only 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6)).

MEMORANDUM DECISION DENYING MOTION TO WAIVE ADVERSARY
PROCEEDING FILING FEE - 1

"financial hardship." Doc. No. 1.  Attached to the motion was a declaration, in which Plaintiff explained that his financial hardship arose from relocation expenses, starting a new job, the death and funeral expenses of a family member, and the breakdown of his "main vehicle." *Id.* at 2. Due to these events and expenses claimed, the Plaintiff stated that paying the $350 filing fee would prevent him from paying for other necessities. *Id.*  No other forms, financial information, or documentation was provided with the Motion.

## I. JURISDICTION, AUTHORITY, AND VENUE

This Court has subject matter jurisdiction over this adversary proceeding as referred to it by the district court pursuant to 28 U.S.C. §§ 157(a) and 1334(b).  This adversary proceeding is a "core" proceeding and is within this Court's constitutional authority to adjudicate via final judgment or order.  28 U.S.C. § 157(b)(2)(I) and (O); *see also Dietz v. Ford (In re Deitz)*, 760 F.3d 1038, 1039 (9th Cir. 2014) (concluding bankruptcy courts have the constitutional authority to finally determine exception to discharge actions).  Finally, venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

While the Court concludes that it has the jurisdiction and authority to fully adjudicate the ultimate legal issues raised in the adversary proceeding (*i.e.* to determine the amount of any debt and whether the debt is excepted from discharge in this bankruptcy case), based on the law and analysis below, the Court concludes that it lacks the statutory authority to grant the relief requested by the Plaintiff in the Motion.

/ / / / /

MEMORANDUM DECISION DENYING MOTION TO WAIVE ADVERSARY
PROCEEDING FILING FEE - 2

## II.  APPLICABLE LAW AND ANALYSIS

Despite no legal authority being provided in the Motion, 28 U.S.C. § 1930 governs Plaintiff's request.  While 28 U.S.C. § 1930(f)(1)[2] and (f)(2)[3] allow a bankruptcy court to waive a filing fee for a chapter 7 *debtor* upon certain conditions and showings, those sections do not address a *creditor's* request for waiver of filing fees.  *See, e.g.*, *Allen v. Western Sierra Bank (In re Allen)*, No. 08-07014-TLM, 2009 WL 1187957, at *2 (Bankr. D. Idaho Apr. 28, 2009) (conducting this analysis).

However, § 1930(f)(3) provides: "[t]his subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors."  28 U.S.C. § 1930(f)(3).  Notably, though, "[t]hat paragraph contains no fee-waiver authority or provision."  *In re Allen*, 2009 WL 1187957, at *3.  Citing these provisions, the Judicial Conference's *Bankruptcy Fee Compendium III* (June 1, 2014 Edition),[4] notes that the Judicial Conference has not issued a policy concerning

---

[2] Section 1930(f)(1) provides in full:

> Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments. For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) that is payable to the clerk upon the commencement of a case under chapter 7.

28 U.S.C. § 1930(f)(1).

[3] Section 1930(f)(2) provides in full: "The district court or the bankruptcy court may waive for such debtors other fees prescribed under subsections (b) and (c)."  28 U.S.C. § 1930(f)(2).

[4] (available at https://www.dcb.uscourts.gov/sites/dcb/files/Fee_Compendium_Jun_2014.pdf) (last visited November 25, 2025) at 63, n.265.

MEMORANDUM DECISION DENYING MOTION TO WAIVE ADVERSARY
PROCEEDING FILING FEE - 3

waiver of fees for creditors and notes that courts are divided as to whether "other litigants" could qualify for *in forma pauperis* status.[5]

Faced with this statutory framework, lack of a position from the Judicial Conference, and conflicting case law, some bankruptcy courts have persuasively determined that although 28 U.S.C. § 1930 provides no affirmative authority for a bankruptcy court to waive a creditor's adversary proceeding fee, other authority, found at 28 U.S.C. § 1915(a), does. *See, e.g.*, *Boles v. Collins (In re Collins)*, No. 17-1015 (MEW), 2017 WL 979021, at *1-*2 (Bankr. S.D.N.Y. Mar. 10, 2017) (collecting cases and thoroughly conducting this analysis).

Section 1915(a) provides:

> Subject to subsection (b), *any court of the United States* may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a) (emphasis added).[6]

As observed by the court in *In re Collins*, § 1915(a) creates a "potential obstacle." 2017 WL 979021, at *2. A "court of the United States," as provided in § 1915(a), "includes the Supreme Court of the United States, courts of appeals, district courts . . . and any court created by Act of Congress the judges of which are entitled to hold office during good behavior." 28

---

[5] The Judicial Conference Schedule of Fees, Bankruptcy Court Miscellaneous Fee Schedule (28 U.S.C. § 1930), effective December 1, 2023, and issued in accordance with 28 U.S.C. § 1930, is potentially, but not ultimately, relevant to the Motion. It provides at paragraph 6 that the filing fee for a complaint "must not be charged if . . . *a child support creditor* or representative files the complaint and submits the form required by § 304(g) of the Bankruptcy Reform Act of 1994." (emphasis added). This is not applicable to the Plaintiff's request, however, because the relief sought in his complaint is not under 11 U.S.C. § 523(a)(5), which concerns domestic support obligations—which would include child support—but rather under 11 U.S.C. § 523(a)(15).

[6] While 28 U.S.C. § 1915 uses the word "prisoner," courts have held that reference is an error. *See, e.g.*, *In re Collins*, 2017 WL 979021, at *2 (collecting cases and noting the error) (citations omitted)).

MEMORANDUM DECISION DENYING MOTION TO WAIVE ADVERSARY
PROCEEDING FILING FEE - 4

U.S.C. § 451. Bankruptcy courts are missing from that list. Instead, bankruptcy courts are "units" of the district court, to which district courts may refer bankruptcy cases. 28 U.S.C. §§ 151 and 157(a).

Noting the language of § 1915(a) and § 451, the Ninth Circuit Court of Appeals has determined that a bankruptcy court is not a "court of the United States" provided with authority to waive a filing fee under that statute. *See Perroton v. Gray (In re Perroton)*, 958 F.2d 889, 896 (9th Cir. 1992) (holding that a bankruptcy court, not being a "court of the United States," could not waive an appeal fee under 28 U.S.C. § 1915(a)); *see also Gutierrez v. Oregon Dept. of Corrections (In re Gutierrez)*, No. 20-06023-JMM, 2021 WL 2908142, at *1 n.1 (Bankr. D. Idaho July 9, 2021) (citing *Perroton* and *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 495-96 (9th Cir. BAP 1995) and concluding that the bankruptcy court did not have the ability to grant the waiver of the fee); *In re Allen*, 2009 WL 1187957, at *3 (citing *Perroton* and *Sandoval* and also concluding that the bankruptcy court could not waive the fee under 28 U.S.C. § 1915 but referring the matter to the district court for consideration).

The conclusion in *In re Perroton* has been questioned. *See, e.g.*, *Chase v. Kosmala (In re Lloyd)*, 304 B.R. 372, 377 (9th Cir. BAP 2003) (Klein, J., dissenting) (noting, among other things, that *In re Perroton* does not address the fact that the bankruptcy court is a "unit" of the district court and as such the bankruptcy court should be regarded as a "court of the United States" via the district court); *see also In re Allen*, 2009 WL 1187957, at *2 n.6 (noting this argument and citing Judge Klein's dissent in *In re Lloyd*). However, *In re Perroton* remains the law of this circuit.

While the holding in *Perroton* created a "potential obstacle" in *Collins*, it presents an outright obstacle for courts located within the Ninth Circuit. *See Coyne v. Westinghouse Credit*

MEMORANDUM DECISION DENYING MOTION TO WAIVE ADVERSARY
PROCEEDING FILING FEE - 5

*Corp. (In re Globe Illumination Co.)*, 149 B.R. 614, 617 (Bankr. C.D. Cal. 1993) (stating "a decision of a circuit court of appeal is binding on all lower courts in the circuit, including the district courts and bankruptcy courts (absent a contrary United States Supreme Court decision)") (citing *Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987) (other citations omitted)). Thus, despite the "majority view" stated in *In re Collins*, this Court must follow Ninth Circuit precedent. Because this Court cannot grant the relief requested in the Motion either under 28 U.S.C. § 1930 or 28 U.S.C. § 1915, the Motion is denied. To the extent the Plaintiff would like to further pursue the relief requested in the Motion, the Court would direct the Plaintiff to the form available on the U.S. District Court District of Idaho's website (available at https://id.uscourts.gov/Content_Fetcher/index.cfml/In_Forma_Pauperis_Application_Non_Prisoner_1032.pdf?Content_ID=1032) and notes the Plaintiff may seek such relief from the District Court.

It is noteworthy that even if Plaintiff ultimately receives a fee waiver from the District Court, 28 U.S.C. § 1915 requires the filing fee to be paid from any recovery on the Plaintiff's claim. 28 U.S.C. § 1915(b)(1); *see also Bankruptcy Fee Compendium III* (June 1, 2014 Edition) at paragraph 3(A) ("When the court allows a party to proceed *in forma pauperis*, it waives only the prepayment of fees. If the plaintiff recovers a monetary judgment, it must pay the accrued fees in full."); *In re Collins*, 2017 WL 979021, at *1 (noting this and stating the relief sought would "only allow [movant] to prosecute the adversary proceeding without prepaying the normal fee, and the filing fee would remain payable out of any monetary recovery on his claim").

MEMORANDUM DECISION DENYING MOTION TO WAIVE ADVERSARY
PROCEEDING FILING FEE - 6

## III.  CONCLUSION

Based on the above analysis, the Motion is DENIED.  The Plaintiff is required to pay the adversary filing fee.

A separate order will be entered.

DATED: December 3, 2025

Brent R. Wilson
U.S. Bankruptcy Judge